### In the Matter of Stephen A. KRAY, Respondent.

### No. 46S00–1004–DI–209.

Supreme Court of Indiana.

Dec. 17, 2010.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** A client retained Respondent to represent her in a dissolution case. Respondent sent the client a letter outlining the objectives of the representation and asking that the client "advance $3,000.00 toward the legal expense." The letter stated that "the overall expense will depend upon the total amount of work to be done and the outcome of the case" without detailing how Respondent's fee would be calculated. The client paid Respondent the requested $3,000, which Respondent did not put into a trust account. Respondent did not have a trust account at this time. The case was resolved through a mediated agreement, and the parties agree Respondent's total fee was not unreasonable.

Facts in mitigation are: (1) Respondent was cooperative and has accepted responsibility for his actions; and (2) he has become more knowledgeable about the issues of this case and has taken steps to revise his fee agreements to conform with the Rules of Professional Conduct.

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.4(b): Failure to explain a matter (the basis of his fee) to the extent reasonably necessary to permit a client to make informed decisions.

1.5(b): Failure to communicate the basis or rate of the fee for which a client will be responsible.

1.5(d): Entering into a contingent fee agreement in a dissolution case.

1.15(a): Failure to deposit legal fees paid in advance into a client trust account.

**Discipline:** The parties propose the appropriate discipline is a public reprimand. The Court, having considered the submissions of the parties, now approves the agreed discipline and imposes **a public reprimand** for Respondent's misconduct.

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.